IN THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS
STATE OF MISSOURI

| | |
|---|---|
| BARBARA BURTON MORRISS,<br>as Beneficiary and Co-Trustee of the<br>MARY SCHOFIELD BURTON<br>INDENTURE OF TRUST U/I/D<br>JANUARY 27, 1975, AS AMENDED, and<br>BARBARA BURTON MORRISS, as<br>Beneficiary and Co-Trustee of the<br>BARBARA BURTON MORRISS<br>REVOCABLE TRUST U/A/D<br>JULY 19, 1983, AS AMENDED,<br><br>          Plaintiff,<br><br>vs.<br><br>WELLS FARGO BANK, N.A.,<br><br>Serve:  Corporation Service Company<br>         Registered Agent<br>         503 South Pierre<br>         Pierre, South Dakota   57501<br><br>       and<br><br>Serve:  Robin Carnahan, Secretary of State<br>         State of Missouri<br>         600 West Main Street, Room 322<br>         Jefferson City, Missouri   65101<br><br>       and<br><br>MORRISS INVESTMENTS, L.L.C.,<br><br>Serve:  Corporation Service Company<br>         Registered Agent<br>         221 Bolivar Street<br>         Jefferson City, Missouri   65101<br><br>           Defendants. | <br><br>Cause No.<br><br>Division No. |

# PETITION FOR DAMAGES

## COUNT I

### BREACH OF FIDUCIARY DUTY – BURTON TRUST

COMES NOW Plaintiff Barbara Burton Morriss, individually and as a Beneficiary and Co-Trustee of the Mary Schofield Burton Indenture of Trust U/I/D January 27, 1975, as amended, as well as on behalf of the residuary Beneficiaries of the Mary Schofield Burton Indenture of Trust U/I/D January 27, 1975, as amended, and for Count I of her cause of action against Defendant Wells Fargo Bank, N.A., states as follows:

1. Plaintiff Barbara Burton Morriss is a resident and citizen of St. Louis County, Missouri, and is the daughter of Mary Schofield Burton, deceased. Prior to her death, Mary Schofield Burton, as Grantor, created an Indenture of Trust on January 27, 1975, entitled the Mary Schofield Burton Indenture of Trust (the "Burton Trust"). The Burton Trust was amended on May 11, 1983, by the Second Amendment to the Burton Trust. The Burton Trust is governed by the laws of the State of Missouri. At all relevant times, Barbara Burton Morriss was a beneficiary and an individual co-Trustee of the Burton Trust. Barbara Burton Morriss has a testamentary power of appointment under the terms of the Burton Trust and, as such, has the legal authority to bring this action on her behalf and on behalf of the residuary beneficiaries of the Burton Trust.

2. Defendant Wells Fargo Bank, N.A. ("Wells Fargo Bank"), is a federally charted corporation with its designated headquarters in Sioux Falls, South Dakota. Wells Fargo Bank does not have a registered agent for service of process in the State of Missouri. At all relevant times, Wells Fargo Bank was the corporate Trustee of the Burton Trust and is the successor by merger to Wachovia Bank, National Association ("Wachovia"), and Offitbank, each of which

was a corporate Trustee of the Burton Trust at all times relevant to this action. Defendant Wells Fargo Bank does substantial business in the State of Missouri and has offices and agents for the transaction of its usual and customary business in St. Louis County, Missouri, including at least eight offices in Missouri operated by Wells Fargo Home Mortgage, a division of Wells Fargo Bank. Defendant Wells Fargo Bank and its predecessors accepted appointment as corporate Trustee of the Burton Trust, knowing the Burton Trust was governed by Missouri law and that the co-Trustees and beneficiaries of the Burton Trust were all Missouri citizens. Defendant Wells Fargo Bank made numerous phone calls and sent numerous facsimiles and mailings to Missouri relating to the administration of the Burton Trust and the investment of the assets and pledges of the assets of the Burton Trust as collateral for the lines of credit/loans as more fully described herein.

3. Defendant Morriss Investments, L.L.C., is a Missouri limited liability company which conducts substantial business in the State of Missouri, with offices for the transaction of its usual and customary business in Clayton, Missouri.

4. On September 9, 1983, Mary Schofield Burton died. Pursuant to the terms of the Burton Trust, Barbara Burton Morriss, Reuben M. Morriss III (Barbara Burton Morriss' husband), and The Boatmen's National Bank of St. Louis became the co-Trustees of the Trust. In 1997, The Boatmen's National Bank of St. Louis merged with NationsBank, N.A., with NationsBank, N.A., then having the authority to exercise fiduciary powers and to serve as the corporate co-Trustee of the Burton Trust.

5. On October 28, 1998, Barbara Burton Morriss and Reuben M. Morriss III as individual co-Trustees, pursuant to Section 8(c) of the Second Amendment to the Burton Trust, removed NationsBank, N.A., as corporate Co-Trustee, simultaneously appointing Offitbank as

3

successor corporate co-Trustee. Offitbank duly accepted its appointment as successor corporate co-Trustee of the Burton Trust on November 2, 1998, and served in that capacity with Barbara Burton Morriss and Reuben M. Morriss III acting as individual co-Trustees until Offitbank was acquired by Wachovia in 1999. After Offitbank's acquisition, Wachovia replaced Offitbank as the corporate co-Trustee of the Burton Trust and Wachovia Bank then had the authority to exercise fiduciary powers and to serve as corporate co-Trustee of the Burton Trust.

6. On December 31, 2008, Defendant Wells Fargo Bank became the successor corporate co-Trustee of the Burton Trust as a result of its merger with Wachovia. By operation of law, Defendant Wells Fargo Bank is responsible for its predecessor corporate Trustees' violations of their fiduciary duties as corporate Trustees of the Burton Trust as enumerated herein. Defendant Wells Fargo Bank and its predecessors accepted the appointment as corporate Trustee knowing the Burton Trust was governed by Missouri law and that the co-Trustees and beneficiaries of the Burton Trust were all Missouri citizens.

7. On December 27, 1999, Reuben M. Morriss III signed documents resigning as an individual co-Trustee of the Burton Trust and appointing B. Douglas Morriss (the son of Barbara and Reuben Morriss) as his successor individual co-Trustee. Defendant Wells Fargo Bank, by its predecessor corporate co-Trustee Offitbank, accepted the resignation of Reuben M. Morriss III and the appointment of B. Douglas Morriss as Reuben M. Morriss III's successor individual co-Trustee of the Burton Trust.

8. Defendant Wells Fargo Bank directly and through its predecessor corporate co-Trustees of the Burton Trust (i.e., Offitbank of New York and Wachovia), was at all relevant times a financial institution fiduciary with fiduciary duties of the highest order to the Burton

4

Trust, to Barbara Burton Morriss as a beneficiary of the Burton Trust and to the residuary beneficiaries of the Burton Trust. Defendant Wells Fargo Bank's fiduciary duties included:

    (a)    The duty to fully disclose to Barbara Burton Morriss as a beneficiary and co-Trustee of the Burton Trust, all important financial transactions relating to the Burton Trust;

    (b)    The duty to be loyal to the Burton Trust and to the Burton Trust's beneficiaries by not engaging in self-dealing between Wells Fargo Bank and its corporate predecessors and the Burton Trust;

    (c)    The duty to manage the Burton Trust assets at all times for the sole benefit of the Burton Trust's beneficiaries, including Barbara Burton Morriss as the life beneficiary of the Burton Trust, and the residuary beneficiaries of the Burton Trust;

    (d)    The duty to obtain a complete, thorough and informed consent from Barbara Burton Morriss, as a co-Trustee of the Burton Trust, prior to using Burton Trust assets as collateral for loans which were made by Wells Fargo Bank and its corporate Trustee predecessors to any person or entity;

    (e)    The duty to observe and implement the prudent investor standard of care while acting as the corporate co-Trustee of the Burton Trust assets which calls for a corporate fiduciary to act with the utmost vigilance, good faith and diligence in handling trust assets for the benefit of the Trust's beneficiaries; and

    (f)    The duty to deal honestly, forthrightly, and in good faith with Barbara Burton Morriss as a co-Trustee and as a life beneficiary of the Burton Trust, with complete and full disclosure of all important actions the Defendant Wells Fargo Bank, directly and through its predecessors, contemplated taking with respect to the assets of the Burton Trust.

9.    Defendant Wells Fargo Bank, directly and through its predecessors, breached its fiduciary duties to the Burton Trust, to Barbara Burton Morris as a beneficiary and co-Trustee of the Burton Trust and to the residuary beneficiaries of the Burton Trust, in the following particulars:

    (a)    Defendant Wells Fargo Bank, directly and through its predecessors, breached its duties of good faith, loyalty, prudent investment and full disclosure to Barbara Burton Morriss as a co-Trustee and beneficiary of the Burton Trust of all important financial transactions relating to the

Burton Trust, by seeking and approving the pledging of the Burton Trust's assets for lines of credit/loans to B. Douglas Morriss beginning in March, 2000 (and perhaps earlier), and continuing through November, 2011;

(b) Defendant Wells Fargo Bank, directly and through its predecessors, breached its duties of loyalty and fidelity to the Burton Trust and to Barbara Burton Morriss as a beneficiary and co-Trustee of the Burton Trust and to the residuary beneficiaries of the Burton Trust, by engaging in self-dealing. In particular, Defendant Wells Fargo Bank and its predecessors, while acting as the corporate Trustee of the Burton Trust, engaged in numerous transactions in which the assets of the Burton Trust were pledged as security for lines of credit/loans made by Wells Fargo Bank and its predecessors to B. Douglas Morriss, with Defendant Wells Fargo Bank and its predecessors reaping substantial fees and interest, all while placing the Burton Trust assets at great risk;

(c) Defendant Wells Fargo Bank breached its duty to Barbara Burton Morriss and the residuary beneficiaries of the Burton Trust to conserve the assets of the Burton Trust by pledging the Burton Trust's assets as security for multiple lines of credit/loans to B. Douglas Morriss and by not investing the Burton Trust assets in safe and appropriate investments;

(d) Defendant Wells Fargo Bank, directly and through its predecessors, breached its duty to invest the assets of the Burton Trust in a prudent manner, by permitting such assets to be invested and retained in highly speculative transactions, including investments in Morriss Investments, L.L.C., and entering into transactions with the Barbara Burton Morriss Revocable Trust (the "Morriss Trust") in which the Burton Trust received highly speculative notes and receivables from the Morriss Trust;

(e) Defendant Wells Fargo Bank, directly and through its predecessors, breached its duty to obtain the complete, knowing and informed consent of Barbara Burton Morriss, as a beneficiary and co-Trustee of the Burton Trust, prior to using Burton Trust assets as collateral for loans made by Defendant Wells Fargo Bank and its predecessors, to B. Douglas Morriss and other persons or other entities, in gross violation of its duties under the terms of the Burton Trust;

(f) Defendant Wells Fargo Bank, directly and through its predecessors, breached its duty to observe the prudent investor standard of care when dealing with Burton Trust assets by pledging the Burton Trust assets as security for multiple lines of credit/loans to B. Douglas Morriss, beginning in approximately March, 2000 (and perhaps earlier), and continuing through November, 2011, and by engaging in highly speculative and risky transactions, including accepting notes and receivables from the Morriss

6

        Trust in return for Burton Trust assets and engaging in risky transactions with private equity entities, including Morriss Investments, L.L.C.; and

    (g)    Defendant Wells Fargo Bank, directly and through its predecessors, breached its duty to deal honestly, forthrightly, and in good faith with Barbara Burton Morriss as a co-Trustee and as a beneficiary of the Burton Trust by failing to provide Barbara Burton Morriss with annual account statements reflecting Wells Fargo Bank's misuse of the Burton Trust funds, the depletion of the Burton Trust funds, and the wrongful encumbrance of Burton Trust assets.

10.    With Defendant Wells Fargo Bank and its predecessors' knowledge, B. Douglas Morriss utilized the funds provided by Defendant and its predecessors to engage in a series of complex and risky business ventures, leaving the pledged assets of the Burton Trust at great risk. After B. Douglas Morriss became unable to comply with the terms of Defendant Wells Fargo Bank's lines of credit/loans, Defendant Wells Fargo Bank and its predecessors engaged in multiple additional transactions with B. Douglas Morriss, all while leaving the pledged Burton Trust assets at risk. Ultimately, B. Douglas Morriss was unable to repay the lines of credit/loans, and Defendant Wells Fargo Bank appropriated all assets of the Burton Trust in its possession in partial satisfaction of the loans made to B. Douglas Morriss.

11.    As a direct and proximate result of Defendant Wells Fargo Bank and its corporate Trustee predecessors' violations of their fiduciary duties to Plaintiff Barbara Burton Morriss, as a beneficiary and co-Trustee of the Burton Trust, and to the residuary beneficiaries, Plaintiff sustained the following damages:

    (a)    A complete loss of value of the Burton Trust assets, which were worth at least $14 million at the time Defendant Wells Fargo Bank and its predecessors became the corporate Trustee of the Burton Trust;

    (b)    The failure to achieve the value the Burton Trust assets would have yielded if invested and managed in a prudent fashion and consistent with the Defendant Wells Fargo Bank and its predecessors' fiduciary duties while Trust assets were in the possession and control of Defendant Wells Fargo Bank and its predecessors;

7

(c) The loss of the entire remaining corpus of the Burton Trust when it was seized by Defendant Wells Fargo Bank pursuant to the terms of the pledges sought and approved by Defendant Wells Fargo Bank and its predecessors;

(d) The loss of the distributions from the Burton Trust for the support and maintenance of Barbara Burton Morriss;

(e) The loss of the residuary beneficiaries' interest in the Burton Trust's assets;

(f) Attorneys' fees to uncover and remedy the wrongs caused by the actions of Defendant Wells Fargo Bank and its predecessors;

(g) Prejudgment interest; and

(h) Such other and further damages as discovery may disclose.

12. Plaintiff's damages were first sustained in St. Louis County, Missouri. Accordingly, venue is proper in this Court pursuant to §508.010.4 Revised Statutes of Missouri.

13. The actions of Defendant Wells Fargo Bank and its predecessor corporate Trustees of the Burton Trust constitute an egregious series of violations of their fiduciary duties to the Burton Trust and its beneficiaries. Defendant Wells Fargo Bank's acts were outrageous and demonstrate a complete and reckless disregard for the rights of Plaintiff Barbara Burton Morriss and the residuary beneficiaries of the Burton Trust, thus justifying the imposition of punitive damages.

WHEREFORE, Plaintiff Barbara Burton Morriss, individually and as Beneficiary and co-Trustee of the Mary Schofield Burton Indenture of Trust, prays judgment on Count I of her Petition against Defendant Wells Fargo Bank for the damages set forth above, for her costs, and for punitive damages, to punish and deter Defendant Wells Fargo Bank and others similarly situated from like conduct in the future, and for such other and further relief as the Court deems just and proper, the premises considered.

## COUNT II

## EQUITABLE ACCOUNTING – BURTON TRUST

COMES NOW Plaintiff Barbara Burton Morriss, individually and as a Beneficiary and Co-Trustee of the Mary Schofield Burton Indenture of Trust, as well as on behalf of the residuary Beneficiaries of the Mary Schofield Burton Trust and for Count II of her cause of action against Defendant Wells Fargo Bank, states as follows:

1. Plaintiff herewith adopts by reference each and every allegation contained in Count I of this Petition, the same as if fully herein set forth.

2. Plaintiff requires an accounting in order to fully understand the complete nature and extent of the breaches of Defendant Wells Fargo Bank and its predecessors' fiduciary duties and the damages caused to Plaintiff Barbara Burton Morris and the residuary beneficiaries of the Burton Trust. The transactions among the Burton Trust, Defendant Wells Fargo Bank and its predecessors, B. Douglas Morriss and the Morriss Trust were numerous and complex, occurring over a period in excess of a decade, with Defendant Wells Fargo Bank and its predecessors reaping substantial monetary reward as a result. Because Plaintiff Barbara Burton Morris was not kept advised of these transactions, Plaintiff Barbara Burton Morris needs a complete and full accounting to determine the amount due from Defendant Wells Fargo Bank in damages in relation to these transactions.

3. There is a fiduciary relationship between Plaintiff Barbara Burton Morriss, as Beneficiary and co-Trustee of the Burton Trust and the residuary beneficiaries of the Burton Trust and Defendant Wells Fargo Bank and its predecessors. As a Trustee, Defendant Wells Fargo Bank and its predecessors had a legal duty to keep complete and accurate records of all transactions affecting the Burton Trust.

4.  Neither discovery nor the legal remedies sought by Plaintiffs Barbara Burton Morris and the residuary beneficiaries will be sufficient to remedy all of the wrongs done by Defendant Wells Fargo Bank and its predecessors, in the absence of Defendant Wells Fargo Bank being ordered by the Court to provide a full and complete accounting to Plaintiff Barbara Burton Morris, as a Beneficiary and co-Trustee of the Burton Trust, and to the residuary beneficiaries of the Burton Trust.

WHEREFORE, Plaintiff Barbara Burton Morriss, individually and as Beneficiary and Co-Trustee of the Mary Schofield Burton Indenture of Trust, prays judgment on Count II of her Petition against Defendant Wells Fargo Bank, and further prays the Court make and enter its Order directing Defendant Wells Fargo Bank, to make a full and complete accounting, at its expense, of all financial transactions and management decisions relating to the Burton Trust from the date Defendant Wells Fargo Bank and its predecessors became the corporate Trustee of the Burton Trust up to and including the date of the Court's Order and continuing until the accounting is complete, and for such other and further relief as the Court deems just and proper, the premises considered.

## COUNT III

### BREACH OF FIDUCIARY DUTY – MORRISS TRUST

COMES NOW Plaintiff Barbara Burton Morriss, individually and as Beneficiary and Co-Trustee of the Barbara Burton Morriss Trust, and for Count III of her cause of action against Defendant Wells Fargo Bank, states as follows:

1.  Plaintiff herewith adopts by reference each and every allegation contained in Counts I and II of this Petition, the same as if fully herein set forth.

2. On July 19, 1983, Barbara Burton Morriss created, as Grantor, a revocable Trust entitled The Barbara Burton Morriss Revocable Trust U/A/D July 19, 1983, as Amended (including all amendments, the "Morriss Trust"). The Morriss Trust is a Missouri Trust and is governed by the laws of the State of Missouri. Barbara Burton Morriss appointed herself and her spouse Reuben M. Morriss III, Deceased, as co-Trustees of the Morriss Trust.

3. On June 26, 1991, and on October 3, 1997, Barbara Burton Morriss amended the Morriss Trust. On December 27, 1999, Barbara Burton Morriss executed a Third Amendment to the Morriss Trust. The Third Amendment removed Reuben M. Morriss III, Deceased, as Trustee and appointed B. Douglas Morriss as Co-Trustee of the Morriss Trust. Barbara Burton Morriss, her late husband Reuben M. Morriss III and her descendants were life estate beneficiaries of the Morriss Trust. Defendant Wells Fargo Bank's predecessor, Offitbank, sought and accepted the assets of the Morriss Trust. After its acquisition of Offitbank, Wachovia assumed authority over the accounts and assets of the Morriss Trust. On December 31, 2008, Defendant Wells Fargo Bank merged with Wachovia and took responsibility for the assets of the Morriss Trust. Defendant Wells Fargo Bank and its predecessors accepted the Morriss Trust knowing that it was governed by Missouri law and that the co-Trustees and beneficiaries of the Morriss Trust were all Missouri citizens. Defendant Wells Fargo Bank made numerous phone calls and sent numerous facsimiles and mailings to Missouri relating to the use of Morriss Trust assets and to the investment of Morriss Trust assets and the pledge of the assets of the Morriss Trust.

4. Defendant Wells Fargo Bank, directly and through its predecessors, (i.e., Offitbank and Wachovia), took possession of substantially all of the assets of the Burton and Morriss Trusts. Defendant Wells Fargo Bank and its predecessors were at all times financial institution fiduciaries with fiduciary duties of the highest order to the Burton and Morriss Trusts,

and to Barbara Burton Morriss as the life estate beneficiary of the Burton and Morriss Trusts and to the residuary beneficiaries of the Burton and Morriss Trusts. Defendant Wells Fargo Bank and its predecessors' fiduciary duties included:

    (a)    The duty to fully disclose to Barbara Burton Morriss as a co-Trustee and beneficiary of the Burton and Morriss Trusts all important financial transactions relating to the Morriss Trust;

    (b)    The duty to be loyal to the beneficiaries of the Burton and Morriss Trusts, and not to self-deal with the Burton and Morris Trusts in ways that could place the Burton and Morriss Trusts' assets at risk;

    (c)    The duty to act solely in the best interests of the Morriss Trust, Barbara Burton Morriss as the life beneficiary of the Morriss Trust, and the residuary beneficiaries of the Morriss Trust;

    (d)    The duty to obtain a complete, thorough and informed consent from Barbara Burton Morriss, as a co-Trustee of the Morriss Trust prior to using Morriss Trust assets as collateral for loans made by Defendant Wells Fargo Morriss Bank and its predecessors, to any person or other entity;

    (e)    The duty to observe and implement the prudent investor standard of care of a corporate fiduciary which called for it to act with the utmost vigilance, good faith, and diligence in dealing with the Morriss Trust assets solely for the benefit of the Trust's beneficiaries; and

    (f)    The duty to deal honestly, forthrightly and in good faith with Barbara Burton Morriss as a co-Trustee and beneficiary of the Morriss Trust with complete and full disclosure of any and all important actions Defendant Wells Fargo Bank, directly and through its predecessors, contemplated taking with respect to the assets of the Morriss Trust.

5.     Defendant Wells Fargo Bank, directly and through its predecessors, breached its fiduciary duties to the Morriss Trust, to Barbara Burton Morris as a beneficiary and co-Trustee of the Morriss Trust and to the residuary beneficiaries of the Morriss Trust, as follows:

    (a)    Defendant Wells Fargo Bank, directly and through its predecessors, breached its duties of good faith, loyalty, prudent investment, and full disclosure to Barbara Burton Morriss as a co-Trustee and beneficiary of the Morriss Trust all important financial transactions relating to the Morriss Trust, by seeking, approving and pledging the Morriss Trust's

12

assets for lines of credit/loans to B. Douglas Morriss beginning in March, 2000 (and perhaps earlier), and continuing through November, 2011;

(b) Defendant Wells Fargo Bank, directly and through its predecessors, breached its duties of loyalty and fidelity to the Morriss Trust and to Barbara Burton Morriss and the residuary beneficiaries of the Morriss Trust, by engaging in self-dealing. In particular, the Defendant and its predecessors, engaged in numerous transactions in which the assets of the Morriss Trust were pledged as security for lines of credit/loans made by the Wells Fargo Bank and its predecessors to B. Douglas Morriss, with Defendant and its predecessors reaping substantial fees and interest, all while placing Morriss Trust assets at great risk;

(c) Defendant Wells Fargo Bank breached its duty to Barbara Burton Morriss and the residuary beneficiaries of the Morriss Trust to conserve the Morriss Trust assets and by pledging Morriss Trust assets as security for multiple lines of credit/loans to B. Douglas Morriss;

(d) Defendant Wells Fargo Bank, directly and through its predecessors, breached its duty to invest the assets of the Morriss Trust in a prudent manner, by permitting such assets to be invested in highly speculative transactions, including transactions with the Burton Trust in which the Burton Trust received notes and receivables from the Morriss Trust;

(e) Defendant Wells Fargo Bank, directly and through its predecessors, breached its duty to obtain the complete, knowing and informed consent of Barbara Burton Morriss, as a beneficiary and co-Trustee of the Morriss Trust, prior to using Morriss Trust assets as collateral for loans made by Defendant Wells Fargo Bank and its predecessors, to B. Douglas Morriss, other persons and entities in gross violation of its fiduciary duties;

(f) Defendant Wells Fargo Bank, directly and through its predecessors, breached its duty to observe the prudent investor standard of care when dealing with Morriss Trust assets by permitting the pledging of Morriss Trust assets as security for multiple lines of credit/loans to B. Douglas Morriss, beginning in approximately March, 2000 (and perhaps earlier), and continuing through November, 2011, and by engaging in other highly speculative and risky transactions, including with private equity entities; and

(g) Defendant Wells Fargo Bank, directly and through its predecessors, breached its duty to deal honestly, forthrightly and in good faith with Barbara Burton Morriss as a co-Trustee and beneficiary of the Morriss Trust by failing to provide Barbara Burton Morriss with annual account statements reflecting the Defendant Bank's misuse of trust funds,

13

depletion of trust funds, and wrongful encumbrance of Morriss Trust assets.

6. With Defendant Wells Fargo Bank and its predecessors' knowledge, B. Douglas Morriss utilized the lines of credit/loans provided by Defendant Wells Fargo Bank and its predecessors to engage in a series of complex and risky business ventures, leaving the pledged assets of the Morriss Trust at great risk. After B. Douglas Morriss became unable to comply with the terms of Defendant Wells Fargo Bank's lines of credit/loans, Defendant Wells Fargo Bank and its predecessors continued to engage in multiple additional transactions with B. Douglas Morriss, all while leaving the pledged Morriss Trust assets at great risk. Ultimately, B. Douglas Morriss was unable to repay the lines of credit/loans, and Defendant Wells Fargo Bank appropriated all assets of the Morriss Trust in its possession in partial satisfaction of the loans made to B. Douglas Morriss.

7. As a direct and proximate result of Defendant Wells Fargo Bank and its predecessors' breach of their fiduciary duties to Plaintiff Barbara Burton Morriss, as beneficiary and co-Trustee of the Morriss Trust, Plaintiff has sustained the following damages:

    (a) A complete loss of value of the Morriss Trust assets, originally valued at approximately $32 million when transferred to Defendant Wells Fargo Bank's predecessors;

    (b) The failure to achieve the value the assets would have yielded if they had been invested in a prudent fashion and consistent with the Defendant Wells Fargo Bank and its predecessors' fiduciary duties while the assets were in the possession and control of Defendant Wells Fargo Bank and its predecessors;

    (c) The loss of the entire remaining corpus of the Morriss Trust when it was seized by Defendant Wells Fargo Bank pursuant to the terms of the pledges sought and approved by Defendant Wells Fargo Bank and its predecessors;

    (d) The loss of the distributions from the Morriss Trust for the support and maintenance of Barbara Burton Morris;

14

(e) The loss of the residuary beneficiaries' interest in the Morriss Trust's assets;

(f) Attorneys' fees to uncover and remedy the wrongs caused by the actions of Defendant Wells Fargo Bank and its predecessors;

(g) Prejudgment interest; and

(h) Such other and further damages as discovery may disclose.

8. Plaintiff's damages were first sustained in St. Louis County, Missouri. Accordingly, venue is proper in this Court pursuant to §508.010.4.

9. The actions of Defendant Wells Fargo Bank, and its predecessors, constitute an egregious series of violations of their fiduciary duties to the Morriss Trust and its beneficiaries. Defendant Wells Fargo Bank's acts were outrageous and demonstrate a complete and reckless disregard for the rights of Barbara Burton Morriss and the residuary beneficiaries of the Morriss Trust, thus justifying the imposition of punitive damages.

WHEREFORE, Plaintiff Barbara Burton Morriss, individually and as Beneficiary and co-Trustee of the Morriss Trust, prays judgment on Count III of her Petition against Defendant Wells Fargo Bank for the damages set forth above, for her costs, and for punitive damages to punish and deter Defendant Wells Fargo Bank and others similarly situated from like conduct in the future, and for such other and further relief as the Court deems just and proper, the premises considered.

## COUNT IV

### EQUITABLE ACCOUNTING – MORRISS TRUST

COMES NOW Plaintiff Barbara Burton Morriss, individually and as Beneficiary and Co-Trustee of the Barbara Burton Morriss Trust, and for Count IV of her cause of action against Defendant Wells Fargo Bank, states as follows:

15

1. Plaintiff herewith adopts by reference each and every allegation contained in Counts I, II and III of this Petition, the same as if fully herein set forth.

2. Plaintiff requires an accounting in order to fully understand the complete nature and extent of the Defendant Wells Fargo Bank's breaches of its fiduciary duties and the damages caused by Defendant Wells Fargo Bank to Plaintiff Barbara Burton Morriss and the residuary beneficiaries of the Morriss Trust. The transactions among the Burton Trust, Defendant Wells Fargo Bank, B. Douglas Morriss and the Morriss Trust were numerous and complex, occurring over a period in excess of a decade, and resulted in substantial financial benefit to Defendant Wells Fargo Bank and its predecessors. Because Plaintiff Barbara Burton Morriss was not kept advised of these transactions, Plaintiff Barbara Burton Morriss is in need of a complete and full accounting from Defendant Wells Fargo Bank in relation to these transactions.

3. There is a fiduciary relationship between Plaintiff Barbara Burton Morriss, as Beneficiary and co-Trustee of the Morriss Trust and the Morriss Trust's residuary beneficiaries and Defendant Wells Fargo Bank and its predecessors. As a fiduciary, Defendant Wells Fargo Bank and its predecessors had a legal duty to keep complete and accurate records of all transactions affecting the Morriss Trust.

4. Neither discovery nor the legal remedies sought by Plaintiff Barbara Burton Morriss will be sufficient to remedy all of the wrongs done by Defendant Wells Fargo Bank and its predecessors, in the absence of Defendant Wells Fargo Bank being ordered by the Court to provide a full and complete accounting to Plaintiff, as Beneficiary and co-Trustee of the Morriss Trust, and to all other beneficiaries of the Barbara Burton Morriss Trust.

WHEREFORE, Plaintiff, Barbara Burton Morriss, individually and as Beneficiary and Co-Trustee of the Barbara Burton Morriss Trust, prays judgment against Defendant Wells Fargo

16

Bank on Count IV of her Petition against Defendant Wells Fargo Bank, and further prays the Court make and enter its Order directing Defendant Wells Fargo Bank, to make a full and complete accounting, at its expense, of all of the financial transactions and financial management of the Morriss Trust from the date Defendant or its predecessors first held any assets of the Morriss Trust up to and including the date of the Court's Order and continuing until the accounting is complete, and for such other and further relief as the Court deems just and proper, the premises considered.

## COUNT V

**CONSPIRACY TO BREACH FIDUCIARY DUTIES – BURTON AND MORRISS TRUSTS**

COMES NOW Plaintiff Barbara Burton Morriss, individually and as beneficiary and co-Trustee of the Burton Trust, and as beneficiary and co-Trustee of the Morriss Trust, and for her cause of action against Defendants Wells Fargo Bank and Morriss Investments, L.L.C., states as follows:

1. Plaintiff herewith adopts by reference each and every allegation contained in Counts I through IV of this Petition, the same as if fully herein set forth.

2. Defendant Morriss Investments, L.L.C., by and through its agents and employees, entered into agreements and understandings with Defendant Wells Fargo Bank and its predecessors that they would engage in various financial transactions, including loans, lines of credit, and investments being extended to these parties, for their benefit and not for the benefit of the Burton and Morriss Trusts. Defendant Wells Fargo Bank, directly and through its predecessors, agreed with Morriss Investments, L.L.C., that it would benefit from the fees associated with those transactions while Defendants Wells Fargo Bank and Defendant Morriss Investment, L.L.C., had an understanding that these transactions would violate Defendant Wells

17

Fargo Bank's fiduciary duties to Barbara Burton Morriss as a beneficiary and co-Trustee of the Burton Trust, and as a beneficiary and co-Trustee of the Morriss Trust. Defendant Wells Fargo Bank made numerous phone calls and sent numerous facsimiles and mailings to Missouri related to the administration of the Burton and Morriss Trusts in furtherance of the conspiracy to violate its fiduciary duties to Plaintiff Barbara Burton Morris.

3. Defendants Wells Fargo Bank and Morris Investments, L.L.C., each knew that their transactions were in violation of Defendant Wells Fargo Bank's fiduciary duties to Barbara Burton Morriss as the co-Trustee and beneficiary of the Burton Trust and as the co-Trustee and beneficiary of the Morriss Trust. Defendants Wells Fargo Bank and Morriss Investments, L.L.C., by and through their agents, servants and employees, knew that these breaches of fiduciary duties could result in very substantial damage to the rights and interests of all of the beneficiaries of the Burton Trust and the Morriss Trust. Nonetheless, they engaged in their scheme to breach their fiduciary duties.

4. Defendants Wells Fargo Bank and its predecessors and Morriss Investments, L.L.C., had a unity of purpose and common design and understanding in relation to this unlawful and illegal arrangement for the improper management and use of Burton and Morriss Trust assets.

5. With this knowledge and intent, co-conspirators Wells Fargo Bank and Morriss Investments, L.L.C., knowingly engaged in self-dealing and conflict of interest conduct, wrongfully pledged the Burton Trust assets and the Morriss Trust assets as collateral for personal credit lines/loans to third parties, caused assets of the Burton and Morriss Trusts to be invested in highly speculative transactions; accepted notes and receivables from the Morriss Trust in return for Burton Trust assets; and aided and assisted each other in engaging in highly risky

18

transactions with the Burton and Morriss Trust fund assets and private equity entities, including Morriss Investments, L.L.C.

6. As a direct and proximate result of Defendants Wells Fargo Bank and Morriss Investments, L.L.C.'s illegal and unlawful agreements and understandings, and the acts they employed to carry out their illegal agreement, Plaintiff Barbara Burton Morriss has sustained the following damages:

    (a)    The complete loss of value of the Burton and Morriss Trust assets at the time Defendant Wells Fargo Bank or its predecessors came into possession of the assets;

    (b)    Loss of the Burton and Morriss Trusts' distributions for the maintenance and support of the Trusts' beneficiaries;

    (c)    The enhanced value of the Burton and Morriss Trusts' assets had the Trusts' assets been properly and prudently invested;

    (d)    Loss of the residuary beneficiaries' interest in the Morriss and Burton Trusts' assets;

    (e)    Attorneys' fees incurred in connection with Plaintiff's pursuit of the proper legal and equitable remedies caused by Defendants' actions;

    (f)    Prejudgment interest; and

    (g)    Such other and further damages as discovery may disclose.

7. The actions of Defendants constituted an egregious series of violations of the fiduciary duties of Defendant Wells Fargo Bank and its predecessors. Defendants' actions were outrageous and demonstrated a complete and reckless disregard for the rights of Plaintiff Barbara Burton Morriss and the residuary beneficiaries of the Burton and Morris Trusts, thus justifying the imposition of punitive damages.

WHEREFORE, Plaintiff Barbara Burton Morriss, individually and as beneficiary and co-Trustee of the Burton Trust, and as beneficiary and co-Trustee of the Morriss Trust, prays

19

judgment on Count V of her Petition against Defendants Wells Fargo Bank and Morriss Investments, L.L.C., for the damages set forth above, for her costs, and for punitive damages to punish and deter Defendants and others similarly situated from like conduct in the future, and for such other and further relief as the Court may deem just and proper, the premises considered.

DOWD & DOWD, P.C.

BY: _____
DOUGLAS P. DOWD (29240)
PAUL G. LANE (27011)
Attorneys for Plaintiff
100 North Broadway, Suite 1600
St. Louis, Missouri 63102
(314) 621-2500
Fax, (314) 621-2503
doug@dowdlaw.net
paul@dowdlaw.net